46 P.(2d) 657

**STATE v. MARTINEZ.**

No. 4086.

Supreme Court of New Mexico.

June 24, 1935.

Kiker & Fernandez and Crist & Pacheco, all of Santa Fé, for appellant.

Frank H. Patton, Atty. Gen., and J. R. Modrall, Asst. Atty. Gen., for the State.

HUDSPETH, Justice.

The defendant was convicted of murder in the first degree, and, from the judgment and sentence of death pronounced on the verdict, this appeal is prosecuted. It is the state's theory that the defendant invited Abel Gonzales to his yard and there shot him; a planned and deliberately executed murder. The Attorney General admits that the cause of the homicide grew out of illicit relations between deceased and defendant's wife. For more than a year the deceased had boasted of his intimacy with the defendant's wife and had been requested by the defendant to stop talking about her and to leave her alone. The defendant testified: "Q. Now, Mr. Martinez, why did you shoot Abel Gonzales at that time and place? A. Because I feared him. Because he had threatened me with deadly weapons, and also because he abused me in every way shape and form, and I tried to live in peace with him as I have with other citizens. * * * When I saw him throwing those signs and at the same time when he called me a liar, at the moment he reached over with his hand there to pick up the shovel or take out a weapon, at that very moment I couldn't hold myself back, I was afraid, and besides he had already threatened me before with weapons."

State's witnesses testified that immediately preceding the fatal shooting there was a brief dispute, or quarrel, between the defendant and deceased, about the relations of deceased to defendant's wife, and the charge that the deceased had shortly before signaled to her.

Points 1 and 2 relied upon for reversal are that the court erred in refusing to instruct on second-degree murder and manslaughter. Complying with the rules of practice effective July 1, 1934, the defendant requested instructions on those degrees of homicide, submitted unobjectionable forms of instructions, and duly objected and excepted to the court's refusal to give them.

 While the defendant was corroborated on some points by his wife and other witnesses, it has long been the rule in this jurisdiction that the testimony of a defendant alone is sufficient to entitle him to instructions on the degrees of homicide of which he gives evidence. In State v. Martinez, 30 N. M. 178, 183, 230 P. 379, 382, we said: "The defendant is also entitled to have instructions given at his request upon his theory of the case, and to have the law declared in reference to the facts which he contends the evidence reasonably tends to show, and to an instruction defining the law as applicable to his defense, if there is any competent evidence reasonably tending to establish it. 14 R. C. L. pp. 797–800, § 58. And this is true in prosecutions for homicide, 13 R. C. L. p. 935, § 236. Where self-defense is involved in a criminal case, and there is

any evidence, although slight, to establish the same, it is proper for, as well as the duty of, the court to instruct the jury fully and clearly on all phases of the law of self-defense that are warranted by the evidence, even though such defense is supported only by the defendant's own testimony. 30 C. J. pp. 367, 368, § 618, and numerous cases cited in note 11; 13 R. C. L. pp. 933–935, §§ 235, 236; State v. Finkelstein, 269 Mo. 612, 191 S. W. 1002. It is a general rule that where the court has fairly presented the issues to the jury, generally, this is sufficient, unless an instruction upon a particular phase of the case is requested. But where one defense is mainly relied upon, and evidence is introduced to sustain it, it is error to omit to call the jury's attention thereto if properly requested. 16 C. J. pp. 1056, 1057. While it is a duty to give an instruction upon a particular phase of the case, the statute in this state authorizes the court to modify such instructions (section 2797, Code 1915), and if the instructions of the court fully cover the subject of requested instructions, it is not error to refuse such requests. Territory v. Kimmick, 15 N. M. 178, 106 P. 381. 'It is elementary, and thoroughly well settled in homicide cases as well as others that the court must charge on every issue or theory having any support in the evidence. The instructions should distinctly set forth the law applicable not alone to the case as made by the evidence for the prosecution, but the case as made by all the evidence, and especially the law applicable to any favorable evidence comprising defensive matter in behalf of the accused.' 13 R. C. L. pp. 933, 934, § 235."

As to instructions on murder in the second degree generally, see Torres v. State, 39 N. M. 191, 43 P.(2d) 929; State v. Wickman, 39 N. M. 198, 43 P.(2d) 933; and State v. Bentford (N. M.) 46 P.(2d) 658, recently decided.

In the case of Territory v. Lynch, 18 N. M. 15, 133 P. 405, 409, we said: "It is needless to cite authority for the proposition that, where there is any evidence tending to show such a state of facts as may bring the homicide within the grade of manslaughter, defendant is entitled to an instruction on the law of manslaughter, and it is fatal error to refuse it."

The decisions in State v. Layman, 39 N. M. 127, 42 P.(2d) 201, and State v. Simpson (N. M.) 46 P.(2d) 49, support the defendant's contention that his testimony alone, to the effect that he committed the homicide in fear or terror, entitled him to instructions on voluntary manslaughter under the doctrine of State v. Kidd, 24 N. M. 572, 175 P. 772.

The Supreme Court of the United States in the case of Stevenson v. United States, 162 U. S. 313, 16 S. Ct. 839, 843, 40 L. Ed. 980, stated: "A judge may be entirely satisfied, from the whole evidence in the case, that the person doing the killing was

actuated by malice; that he was not in any such passion as to lower the grade of the crime from murder to manslaughter by reason of any absence of malice; and yet, if there be any evidence fairly tending to bear upon the issue of manslaughter, it is the province of the jury to determine from all the evidence what the condition of mind was, and to say whether the crime was murder or manslaughter."

The remaining claims of error relate entirely to instructions given or refused. The cases cited above cover the points, and the questions are not likely to arise on a second trial. For the reasons stated, the judgment and sentence of the district court should be set aside, and this cause remanded for a new trial.

It is so ordered.

SADLER, C. J., and ZINN, BICKLEY, and WATSON, JJ., concur.